# EXHIBIT D

Gary Topolewski, in pro per
18034 Ventura Blvd.
Encino, California 91316-3516
(818) 817 9770 Telephone
(818) 817-9760 Fax

ORIGINAL FILED
AY 24 2013
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES- NORTHWEST DISTRICT

GARY TOPOLEWSKI, an individual,

Plaintiff,

vs.

AMERICAN EXPRESS COMPANY, a New York corporation; and TRANS UNION, LLC a ASSOCIATION, a Limited Liability Company and DOES 1 through 50, inclusive,

Defendants.

Case No.: LC100382

**COMPLAINT FOR:**
1. FOR WILLFUL VIOLATION OF INVESTIGATIVE CONSUMER REPORTING AGENCY ACT;
2. DAMAGES FOR UNFAIR DEBT COLLECTION PRACTICES

**JURY TRIAL DEMANDED**

1.  Plaintiff, GARY TOPOLEWSKI ("Plaintiff" or "Topolewski") is, and at all relevant times mentioned herein, has resided in the county of the County of Los Angeles, State of California. Plaintiff is informed, and based upon such information believes, that Defendant AMERICAN EXPRESS COMPANY (hereafter "AMEX") is now, and was at all times herein mentioned a for-profit corporation authorized to, and doing business within the County of Los Angeles, State of California. Defendant TRANS UNION, LLC, (hereinafter "TRANS UNION") is a Limited Liability Company, is now, and was at all times herein mentioned a for-profit company authorized to, and doing business within the County of Los Angeles, State of California. Plaintiff is ignorant of the true names and capacities of Defendant sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.

2.  Plaintiff will pray leave of this court to amend this Complaint to allege the true names and capacities of these Defendants when such is ascertained.

1

COMPLAINT

3. All Defendants named above shall hereinafter be collectively known within this Complaint as the Defendants.

4. Plaintiff is informed and based upon such information believes that each of the Defendants named herein, was at all times relevant to this action, agent, employee, representing partner, or joint venture of the remaining Defendants was acting within the course and scope of that relationship.

5. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein as to each of the remaining Defendants.

6. On or about December 2010, Plaintiff received a letter from AMEX in which AMEX notified him of an alleged outstanding balance for a credit card account ending in 21005.

7. On December 15, 2010, Plaintiff requested copies of documents evidencing he had authorized the opening such account.

8. On January 15, 2011, Mr. Bud Zukaloff, a fraud investigator acting on behalf of Plaintiff requested from AMEX a copy of Plaintiff's file, application and all corresponding documentation as it related to the above-referenced account. In response Defendants sent a Power of Attorney form for Mr. Zukaloff to fill out and return.

9. After the Defendants granted Mr. Zukaloff access to the file after its receipt of the "Power of Attorney" form, on March 1, 2011, Mr. Zukaloff, again wrote to the Defendants requesting a copy of the documents associated to the above referenced fraudulent account.

10. On April 3, 2011, Plaintiff called and wrote to both of the Defendants offices in El Paso and Salt Lake City demanding a copy of the entire account file and received no response.

11. On May 22, 2011, Mr. Zukaloff sent another letter to Defendants stating that Plaintiff never applied for any account with the Defendant and had no records of an account ending in 21005.

12. On July 13, 2011, P. Hopkins, of American Express, wrote a letter to Plaintiff stating that AMEX acknowledged that Plaintiff never applied for said account, but because Plaintiff made payments on the fraudulent account, he assumed responsibility for it.

13. On July 25, 2011, Mr. Zukaloff requested copies of payments made on the account by Plaintiff, and for the third time, requested a copy of the a file of Plaintiff's account.

14. On September 2, 2011, copies of payments made on account by Plaintiff were again requested, specifically copies of all checks made on the account, how the account was opened and to identify a real person/person most knowledgeable regarding account ending in 21005.

15. On April 15, 2011, Plaintiff sent a letter informing Defendant Trans Union that the AMEX account listed was fraudulent and was a result of Identity theft and that Plaintiff had never had any dealings or a relationship with American Express.

16. Trans Union's responded that it was indeed Plaintiff's based on nothing of any substance even though Plaintiff had submitted several Identity theft reports from the LAPD which specifically included an illegal American Express account listed as fraudulent.

17. Trans Union elected to keep the fraudulent account attached to Plaintiff's name even though there was no evidence to support it. In the course of the Plaintiff's collusion of unforgivable crimes it irreparably damaged a formerly perfect credit and for Plaintiff to obtain any credit based on Defendant's actions.

18. On July 22, 2011, Plaintiff sent another letter informing Defendants about the American Express account listed was fraudulent and once gain asking to have account removed from Plaintiff's records.

19. On Sept. 2, 2011, Plaintiff sent a letter for the third time, informing the Defendants of the fraudulent account and asking removal of account from Plaintiff's records.

20. On January 16, 2012, Plaintiff sent a letter along with a second police report, stating that the fraudulent account.

21. In January 25, 2012, Plaintiff had his lawyer contact Defendants asking American Express to remove the account ending in 21005 from Plaintiff's credit report. At that time, American Express granted a release for the $4,400.00, it mistakenly, claimed Plaintiff owed.

22. On February 15, 2013, a final letter was sent asking to have the fraudulent account removed.

23. It is evident that after numerous request from Plaintiff and his investigator, Defendants have failed to correctly address this matter. As a result of the Defendants' lack of cooperation to assist

faced with negative marks on his credit report, emotional distress, anxiety, and has had his identity stolen.

I.

First Cause of Action

FOR COMPLAINT FOR DAMAGES FOR WILLFUL

VIOLATION OF INVESTIGATIVE CONSUMER REPORTING AGENCY ACT

(Against Defendants TRANS UNION and Does 1-50)

24. Plaintiff realleges the allegations made in the preceding paragraphs of this complaint.

25. Defendant TRANS UNION was, and now is, engaged in the business of credit reporting. In using the investigative consumer report, defendant failed to comply with the requirements of the Investigative Consumer Reporting Agencies Act, Civ. Code, §§ 1786 to 1786.60.

26. Based upon the forgoing facts, Defendant's violation of the statute was willful/grossly negligent because.

27. As a result of Defendant's violation of the statute, Plaintiff has suffered injuries all to Plaintiff's actual damage is to be determined according to proof submitted at the time of trial.

28. As a result of Defendant's violation of the statute, Plaintiff is entitled to recover actual damages or $10,000, per incident pursuant to Civ. Code, § 1786.50.

29. As a result of Defendant's violation of the statute, plaintiff is entitled to recover reasonable attorney's fees and costs, pursuant to Civ. Code, § 1786.50.

30. As a result of Defendant's violation of the statute, and because Defendant's violation was willful/grossly negligent, plaintiff is entitled to punitive damages, according to proof, pursuant to Civ. Code, § 1786.50.

II.

Second Cause of Action

DAMAGES FOR UNFAIR DEBT COLLECTION PRACTICES

(Against Defendants AMEX and Does 1-50)

4

COMPLAINT

31. Plaintiff realleges the allegations made in the preceding paragraphs of this complaint.

32. As set forth herein above, Defendant willfully and knowingly violated the Rosenthal Fair Debt Collection Practices Act, Civ. Code, §§ 1788 to 1788.33.

33. As a proximate result of Defendant's violation of the law, Plaintiff has suffered injuries, in that he has been denied credit by other potential creditors, all to Plaintiff's actual damages are immeasurable.

34. As a result of Defendant's violation of the law, Plaintiff is entitled to recover actual damages, pursuant to Civ. Code, § 1788.30.

35. As a result of Defendant's violation of the law, and because Defendant's violation was willful and knowing, Plaintiff is entitled to recover a statutory penalty in an amount not less than $100 nor greater than $1,000, per incident, pursuant to Civ. Code, § 1788.30.

36. As a result of Defendant's violation of the law, Plaintiff is entitled to recover reasonable attorney's fees and costs, pursuant to Civ. Code, § 1788.30.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

ON THE FIRST CAUSE OF ACTION:

1. Damages to be determined according to proof submitted at the time of trial.
2. Attorney's fees, pursuant to Civ. Code, § 1786.50;
3. Punitive damages according to proof, pursuant to Civ. Code, § 1786.50;
4. Plaintiff's costs of suit, pursuant to Civ. Code, § 1786.50; and
5. Such other and further relief as may be just and proper.

ON THE SECOND CAUSE OF ACTION:

1. For actual damages to be determined according to proof submitted at the time of trial.
2. For a statutory penalty, pursuant to Civ. Code, § 1788.30;
3. For reasonable attorney's fees, pursuant to Civ. Code, § 1788.30;
4. For costs of suit, pursuant to Civ. Code, § 1788.30; and
5. For such other and further relief as the Court may deem just and fair.

Dated: May 2, 2013

Gary Topolewski, Pro Per